**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUILLERMO NEGRETE-RUIZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    16-73879

Agency No. A099-512-302

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Guillermo Negrete-Ruiz, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his request for a continuance.  We

have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We deny the petition for review.

Negrete-Ruiz abandoned any challenge to the agency's determination that he did not establish good cause for a continuance to allow him to marry and apply for adjustment of status through a spouse. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

The agency did not abuse its discretion in denying Negrete-Ruiz's request for a continuance to allow him to marry and obtain a qualifying relative for purposes of cancellation of removal, because he did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (factors to be considered in determining whether the denial of a continuance constitutes an abuse of discretion); *see also Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019) ("Although the [agency] did not expressly address the *Ahmed* factors, the IJ sufficiently outlined why good cause [for a continuance] did not exist."). Negrete-Ruiz's contentions that the agency erred in its legal analysis fail. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency adequately considered evidence and sufficiently announced its decision).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**